## CHURCH v. SPIEGELBERG et al.

*(Circuit Court, S. D. New York.   October 8, 1887.)*

1. PLEADING—BILL OF PARTICULARS—SUFFICIENCY.

In an action by one partner against his copartners, the complaint set out that, in the absence of the plaintiff, without his consent or approval, the defendants maliciously wrote letters to four consignors of the firm, naming them, "and others," repudiating contracts already made, and that the effect of the letters was that "one or more of said consignors" thereupon withdrew their consignments, to plaintiff's damage, etc. The plaintiff was required to serve a bill of particulars in explanation of the phrases, "and others," and "one or more of said consignors." He did so by naming some manufacturers, and stating that the persons referred to were all customers of the firm, and that their names would appear from the books which were in the possession of the defendants. *Held,* that the bill was sufficient.

2. SAME.

The plaintiff alleged that he had been injured by such conduct of the defendants to the amount of $25,000, "*independent* of any alleged loss or profit shown by the books of the firm, as resulting from said business," (of the firm.) He was required to serve a bill of particulars specifying the items of damages. The bill, as served, set out that the damages were made up of a certain percentage of "business" for a certain time. *Held,* that the bill was not sufficiently certain; the "business" upon which the percentage was calculated not being indicated with clearness.

At Law.   On motion for further bill of particulars.

Action by Edward F. Church against Emanuel and Charles S. Spiegelberg, to recover damages for breach of contract.   The complaint set out that the defendants and the plaintiff had agreed to go into the commission business, the defendants furnishing the capital and the plaintiff the trade, a large amount of which he controlled; that the firm was duly formed, and the business commenced, when he was called away, and the defendants maliciously, and without authority, wrote letters to manufacturers, whose custom formed the most valuable part of the business of the firm, repudiating contracts already made, to his damage $25,000, etc.   See 31 Fed. Rep. 601.   The defendants moved for a bill of particulars, and the motion was granted; the order calling for "a bill of particulars specifying in detail (1) the names of the persons designated by the phrase 'and others,' in the sixth line of folio 7 of the complaint herein, to whom defendants are therein alleged to have written letters repudiating contracts alleged to have been made with the firm of E. F. Church & Co.; (2) the names of the persons designated by the phrase, 'one or more of said manufacturers,' in the first and sixth lines of folio 9 of the complaint herein, who are therein alleged to have withdrawn their accounts from the said firm of E. F. Church & Co.; (3) the items of the damages of $25,000, alleged in folios 16 and 17 of the complaint herein to have been sustained by plaintiff."   The parts of the complaint referred to in the order were to the following effect, respectively: *First,* that the defendants wrote letters, as charged, "to each of said manufacturers, consignors of plaintiff, and said firm, as aforesaid, viz., [naming four,] *and others;*" *second,* that said letters "were duly received by each of said man-

ufacturers, and caused *one or more of said manufacturers* to withdraw their consignments from said firm," etc.; *third,* that plaintiff had been injured thereby "to the amount of $25,000, independent of any alleged loss or profit, as shown by the books of said firm, as resulting from said business." The plaintiff served a bill of particulars, setting out, under the first clause of the order, that the persons designated as "and others" were manufacturers who were consignors of the firm, and whose names would appear from the books which were in possession of the defendants. The phrase, "one or more of said manufacturers," referred to in the second clause of the order, was also explained by a reference to the books; the names of the three manufacturers, however, being given. The amount of the damages was returned as follows: "Said item is made up of $1\frac{1}{2}$ per cent. upon $600,000 of business in the year 1884, amounting to $9,000; and the same per cent. on the same amount in the year 1885, amounting to $9,000; and the same per cent. on the amount of $500,000 in 1886, amounting to $7,500."

*J. K. Hayward,* for plaintiff.

*Seligman & Seligman,* for defendants.

LACOMBE, J. The motion for further bill of particulars under clauses 1 and 2 of original order is denied. That for further bill under the third clause is granted. It must be indicated with clearness what "business" it was upon which the $1\frac{1}{2}$ per cent. is calculated. The complaint avers that the loss was sustained "independent of any alleged loss or profit shown by the books of the firm as resulting from said business," (of the firm.) If complainant expects to show that, but for the alleged wrongful conduct of his firm, that firm would have received in the years named a certain quantity of business, his profits thereon being $1\frac{1}{2}$ per cent. of such business, he should state so distinctly in his bill of particulars. The question whether or not that is the proper way to show his damage is not now passed upon, but, if complainant expects to rely upon such a statement of his loss, he should indicate that fact now, that the defendant may prepare himself accordingly. In view of the fact that defendants have the books of the firm in their custody, no further detail as to the individual items is required from the complainant.